E-FILED
Thursday, 22 October, 2026 02:23:14 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

JANIAH MONROE,
Plaintiff,

v.

LATOYA HUGHES,
Defendant.

Case No. 1:19-cv-01060-JEH

**Order**

This matter is now before the Court on Defendant Latoya Hughes' Motion for Reimbursement of Costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. (Doc. 123). For the reasons stated below, Defendant's Motion is DENIED.

**I**

On February 26, 2019, Plaintiff Janiah Monroe, a transgender woman, filed a complaint under 42 U.S.C. § 1983 alleging that Defendant violated her constitutional rights while she was incarcerated at Pontiac Correctional Center. Shortly after filing her complaint, Defendant transferred her to a women's prison, Logan Correctional Center ("Logan").

In October 2019, Defendant attempted to transfer Plaintiff to a men's prison. Plaintiff then filed a motion for preliminary injunction asking the Court to enter an Order requiring the Illinois Department of Corrections ("IDOC") to keep her at Logan. Following a two-day evidentiary hearing in February 2020, the Court granted Plaintiff's motion and ordered that she remain at a women's prison and required the IDOC to provide notice before transferring her to a men's prison. (Docs. 29, 41).

In October 2020, the Court denied Defendant's motion to dismiss Plaintiff's equal protection claim. (Doc. 52). In 2021, the case was stayed, as the parties believed Plaintiff would soon receive gender affirming surgery that would resolve the remaining issues in the case.

In February 2024, the IDOC filed a notice regarding Plaintiff's impending transfer to a men's facility. (Doc. 77). In March 2024, the Court temporarily stayed any attempt to transfer Plaintiff until the Court had the opportunity to review the facts surrounding the basis for the transfer. (d/e 3/4/2024).

Between 2024 and 2025, the parties exchanged written discovery and engaged in expert discovery in preparation for a bench trial in September 2025. During the final pretrial conference, however, it became apparent that the complaint required amendment. (d/e 7/21/2025). On September 18, 2025, Plaintiff filed her amended complaint alleging that Defendant violated her rights under the Equal Protection Clause of the Fourteenth Amendment. (Doc. 105).

Defendant filed a motion to dismiss in November 2025. (Doc. 109). The Court scheduled a hearing and ordered the parties to "be prepared to address the motion to dismiss, as well as whether this matter should be stayed pending the Supreme Court's decisions in *Little v. Hecox* (No. 24-38) and *West Virginia v. B.P.J.* (No. 24-43)." (Text Order 2/12/2026). At the hearing, the Court raised for the first time whether the forthcoming decisions could impact Plaintiff's ability to bring an "as-applied" equal protection challenge. Following the hearing, the Court stayed the case pending the Supreme Court's decision. (d/e 114).

On June 30, 2026, the Supreme Court issued a consolidated ruling in *W. Virginia v. B. P. J. by Jackson*, 146 S. Ct. 2356 (2026), holding that state laws restricting women's sports teams to biological females do not violate Title IX or the Fourteenth Amendment's Equal Protection Clause. The same day, this Court entered an Order finding that the Supreme Court's decision "made clear that

courts may not entertain 'as-applied' challenges when intermediate scrutiny or rational basis review applies." (d/e 121) (citing *B. P. J.*, 146 S. Ct. at 2377 n.5) ("Also, the Court's more recent decision in *Nguyen* clarified that as-applied challenges are not entertained when courts apply intermediate or rational basis review. See *Tuan Anh Nguyen v. INS*, 533 U.S. 53, 70, 121 S.Ct. 2053, 150 L.Ed.2d 115 (2001)."). This Court determined that the Supreme Court's statement "definitively resolved this case; Plaintiff is making an as-applied equal protection claim subject to intermediate scrutiny, and, therefore, this Court may not 'entertain' the claim." (d/e 121). The Court granted Defendant's motion to dismiss and entered judgment in favor of Defendant. *Id.*; Doc. 122.

On July 30, 2026, Defendant moved for reimbursement of costs. (Doc. 123). On September 10, 2026, Plaintiff filed her Objections in Response to Defendant's Motion for Reimbursement of Costs. (Doc. 130).

**II**

Under Federal Rule of Civil Procedure 54(d), the prevailing party is entitled to costs. FED. R. CIV. P. 54(d). "[A] cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). The determination of whether to tax costs against the losing party requires two inquiries: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

Although there is a strong presumption that the prevailing party will recover costs, *Park v. City of Chicago*, 297 F.3d 606, 617 (7th Cir. 2002), the "party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of the Chicago Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). Once the prevailing party demonstrates that costs should be allowed, the losing party then

bears the burden to affirmatively show the taxed costs are inappropriate. *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005). Generally, only the losing party's inability to pay or misconduct by the prevailing party worthy of penalty will suffice to justify denying costs. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). Ultimately, the decision of whether to award costs is within the district court's discretion. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

A party's indigence (based on *in forma pauperis* status), "does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). The statute dealing with *in forma pauperis* status, 28 U.S.C. § 1915, expressly provides for awarding "costs at the conclusion of the suit or action as in other cases." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). The indigence "exception is a narrow one. Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." *Rivera*, 469 F.3d at 636.

When ruling on a party's assertion that she is indigent and therefore unable to pay costs, the Court must conduct a two-step analysis. First, the Court must "make the threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F. 3d 456, 459 (7th Cir. 1994)). The losing party bears the burden of providing the court with "sufficient documentation to support such a finding." *Rivera*, 469 F.3d at 635 (quoting *Chapman v. AI Transp.*, 229 F. 3d 1012, 1039 (11th Cir. 2000)). Second, the Court should "consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Rivera*, 469 F.3d at 635. "No one factor is

determinative, but the district court should provide an explanation for its decision to award or deny costs." *Rivera*, 469 F.3d at 635-36.

**III**

Defendant seeks reimbursement of costs totaling $15,862.12. The costs consist of deposition transcripts, half of the cost of the transcript from the hearing on Plaintiff's motion for preliminary injunction, and the transcript from the final pretrial conference. Defendant also seeks reimbursement for expert discovery.

Plaintiff argues she is indigent and unable to pay costs now or in the future. Plaintiff states she currently has approximately $234 in her prison trust fund account, is not employed, and has no other assets. (Doc. 130-1 at ¶¶ 5-6; Doc. 130-2). Plaintiff states she receives monetary gifts from friends, but those funds are used to purchase necessities from commissary, including toiletries and clothing. (Doc. 130-1 at ¶ 7). Plaintiff has been incarcerated since she was teenager and is not eligible for release until 2050. When Plaintiff is released, she will be over sixty with a criminal record and no substantive employment history. *See Barnes v. Sood*, No. 4:15-CV-04088-JES, 2019 WL 2330270, at *2 (C.D. Ill. May 31, 2019) ("The Plaintiff's long-term incarceration history and dismal employment prospects combine with the non-frivolous nature of his claims in this case to warrant an indigency finding.").

Defendant argues Plaintiff is not indigent because she received a settlement payment in *Monroe v. Varga*, No. 17-cv-50218 (N.D. Ill.), a case where Plaintiff alleged the IDOC failed to protect her from being sexually assaulted by a correctional officer. The correctional officer was fired and criminally charged. (Doc. 130-1 at ¶ 8). Plaintiff asserts she no longer has these funds, which she used to purchase necessities and sent to family and friends who supported her in the past. *Id.* Plaintiff argues that even if she still had the settlement funds, her assets would total less than the amount Defendant seeks.

Defendant also argues Plaintiff may be able to pay costs in the future because she filed a case seeking damages against a correctional officer who allegedly assaulted her in *Patterson v. Lucas, et al.*, No. 25-cv-03166 (C.D. Ill.). Plaintiff argues that a hypothetical future award is not a monetary asset. Moreover, Plaintiff has not obtained a settlement or judgment in her favor.

The Court finds that Plaintiff is incapable of paying costs at this time or in the future based on Plaintiff's lack of assets, long-term incarceration history, and dismal employment prospects upon release.

The Court must also consider the good faith of the losing party and the closeness and difficulty of the issues raised in this case. *See Rivera*, 469 F.3d at 635. Here, Plaintiff filed and litigated this case in good faith based on circuit precedent in *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034 (7th Cir. 2017), and a similar case in the Southern District of Illinois, *Hampton v. Baldwin, et al.,* No. 3:18-cv-550-NJR-RJD, 2018 WL 5830730 (S.D. Ill. Nov. 7, 2018). Plaintiff obtained a favorable ruling on her motion for preliminary injunction, after demonstrating a likelihood of success on the merits. (Doc. 41 at p. 19). Plaintiff also defeated Defendant's motion to dismiss her equal protection claim. (Doc. 52).

Plaintiff's case was dismissed following the Supreme Court's decision in *W. Virginia v. B. P. J. by Jackson*, 146 S. Ct. 2356 (2026). The legal question was a close call. During the motion hearing on March 18, 2026, the Court and the parties grappled with whether the Supreme Court's forthcoming decision could impact Plaintiff's ability to bring an "as-applied" equal protection claim. Although Defendant was the prevailing party, Defendant did not raise or brief the legal issue that ultimately led to the dismissal of this case. The Court finds that the issues in this case, which spanned over seven years, were close and difficult. *See Heidelberg v. Manias*, No. 1:18-CV-01161, 2024 WL 4884411, at *2 (C.D. Ill. Nov. 25, 2024)

(denying costs where "the Court's decision in this case, which is still ongoing after more than six years, was certainly a close call").

Thus, the Court finds that Plaintiff is indigent and is excused from paying costs. The Court need not address the parties' remaining arguments. Defendant's Motion for Reimbursement of Costs is DENIED.

**IV**

For the reasons stated, *supra*:

1) Defendant's Motion for Reimbursement of Costs [123] is DENIED.

2) Should a party file a motion for reconsideration which is subsequently denied by the Court, the party who filed the motion will be responsible for the attorney's fees of the opposing party related to their response to the motion for reconsideration.

*It is so ordered.*

Entered: October 22, 2026

s/Jonathan E. Hawley
U.S. District Judge